UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| SPECTRA FINANCIAL SERVICES LLC, an Arizona limited liability company; ROBERT MELILLO; and NICHOLE MELILLO<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>RMP CAPITAL CORP., an Illinois corporation,<br><br>　　　　Defendant. | 2:13-cv-02181 JWS<br><br>ORDER AND OPINION<br><br>[Re: Motion at Docket 4] |

## I.  MOTION PRESENTED

At docket 4, Defendant RMP Capital Corp. ("Defendant" or "RMP") filed a motion to dismiss pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue. Plaintiffs Spectra Financial Services, LLC ("Spectra"), Robert Melillo and Nichole Melillo ("Melillos"; collectively "Plaintiffs") respond at docket 7. Defendant replies at docket 10. Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

The dispute at issue involves four related agreements between RMP, Spectra, and the Melillos. RMP and Spectra are engaged in the factoring finance business. RMP's principal place of business is, and at all relevant times has been, in Suffolk

County, New York. Spectra's principal place of business is in Maricopa County; the Melillos, officers and owners of Spectra, reside in Maricopa County. Spectra is no longer operating and is in the process of winding down.

In December of 2010, Spectra, through the Melillos, requested that RMP refactor the accounts receivable Spectra was purchasing from its clients. That same month, RMP and Spectra entered into a Refactoring and Security Agreement (the "Agreement"), whereby RMP agreed to advance funds to Spectra.[1] Neither party disputes that the Agreement was an arms-length one, entered into by two business entities who had the opportunity to consult independent counsel before its execution. Neither party, however, had an attorney present during the negotiation and execution of the Agreement. On the same day the parties executed the Agreement, the Melillos each executed a guaranty agreement (the "Guaranties"), whereby they guaranteed to RMP all sums and obligations owed by Spectra under the Agreement.[2]

In April 2012, RMP informed Spectra that Spectra had an over advance of funds to clients and was therefore out of compliance with the financing procedures required under the Agreement, but that Spectra could sign a promissory note in order to account for the over advance. Spectra voiced disagreement with RMP's calculations and RMP's assertion that Spectra was not in compliance with the Agreement, but nonetheless signed a promissory note in the principal amount of $678,797.94 (the "Note").[3] At this time, Spectra and RMP, along with two of Spectra's factoring clients, entered into another agreement (the "Intercreditor Agreement"), whereby RMP was allowed to take over Spectra's factoring agreements with the clients.[4]

---

[1] Doc. 4-1 at p. 9

[2] Doc. 4-1 at p. 49.

[3] Doc. 4-1 at p. 67.

[4] Doc. 4-1 at p. 73.

In August of 2013, RMP informed Spectra that it was in default of all obligations to RMP under the various agreements with RMP.[5] RMP demanded repayment of all unpaid sums under the Agreement and Note, as well as costs and attorneys' fees.[6] Plaintiffs filed suit against RMP in Maricopa County Superior Court in October 2013.

The complaint asserts claims against RMP for fraud, negligent misrepresentation, breach of contract, and seeks a declaratory judgment relating to the Agreement, Guaranties, Note, and Intercreditor Agreement.[7] Specifically, Count I is a claim for fraud and alleges that RMP falsely represented to Spectra that it was out of compliance with the Agreement and that RMP knew its representations were false. Spectra alleges that as a result of RMP's fraudulent representations it executed the Note and subsequently has been forced to pay hundreds of thousands of dollars to RMP that were never actually due. Count II is a claim for declaratory relief, requesting that the court declare the Note and Guaranties void because they are not and have never been valid and binding obligations of Spectra or the Melillos. Count III is a claim for negligent misrepresentation and alleges that RMP provided Spectra with false information about Spectra's financial obligations under the Agreement, which resulted in the execution of the Note and payments thereunder. Count IV alleges that RMP materially breached the Agreement by not providing the financial services it agreed to provide and that as a result the court should declare that Spectra "no longer has any obligation to [RMP] under the Agreement" and that the Guaranties are no longer valid obligations of the Melillos. Count V is a claim for breach of contract and alleges that RMP breached its obligations under the Intercreditor Agreement.

RMP removed the action to federal court. Thereafter it filed the motion at hand requesting that Plaintiffs' complaint be dismissed for improper venue because the

---

[5] See doc. 4-1 at p 87.

[6] Id.

[7] Doc. 1-1.

Agreement, from which all of the other agreements stem, and the Note contain a forum-selection clause requiring all claims to be litigated in the Supreme Court of Suffolk County, New York, if RMP so elects. RMP argues that by filing this motion, it is electing to have the claims litigated in New York state court. Alternatively, RMP requests that the court transfer this action to the Eastern District of New York pursuant to 28 U.S.C. § 1404. It argues that Plaintiffs are contractually obligated not to oppose any motion filed by RMP to dismiss or transfer venue.

### III.  STANDARD OF REVIEW

"A motion to dismiss premised on the failure of a plaintiff to initiate an action in the venue mandated by a forum selection clause is treated as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(3)."[8]  When reviewing a 12(b)(3) motion, the court need not accept the pleadings as true and may consider facts not included in the pleadings.[9]

Federal law governs the enforceability and interpretation of forum selection clauses.[10]  Under federal law, forum selection clauses "are prima facie valid" and thus will be enforced absent a showing of unreasonableness.[11]

> A forum selection clause is unreasonable if (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in

---

[8] *CYBERsitter, LLC v. Google Inc.*, 905 F. Supp. 2d 1080, 1084 (C.D. Cal. 2012).

[9] *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2003).

[10] *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988).

[11] *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972);

court; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought.[12]

The plaintiff bears a "heavy burden of proof" in order to set aside a forum selection clause.[13]

## IV. DISCUSSION

Defendant argues that the Agreement contains a forum selection clause that requires all claims related to the Agreement be litigated in Suffolk County, New York. Paragraph 24.7 of the Agreement provides:

> The parties agree that any suit, action, or proceeding arising out of the subject matter hereof, or the interpretation, performance or breach of this Agreement, shall, if RMP so elects, be instituted in a court sitting in [New York] in the county in which RMP's chief executive officer is located, or if none, any court located in [New York] (the "Acceptable Forums"), each party agrees that the Acceptable Forums are convenient to it, and each party irrevocably submits to jurisdiction of the Acceptable Forums . . . and waives any and all objections to jurisdiction or venue that [it] may have under the laws of [New York]. . . . Should such proceeding be initiated in any other forum, [Spectra] waives any right to oppose any motion or application made by RMP as a consequence of such proceeding having been commenced in a forum other than an Acceptable Forum.[14]

The forum selection clause is mandatory, for it states that all litigation relating to the Agreement "shall . . . be instituted" in the appropriate New York county if RMP so elects. RMP's chief executive officer is located in Suffolk County and has been located there since the execution of the Agreement,[15] and RMP, through the filing of this motion, has elected to enforce the forum selection clause. Thus, under the terms of the Agreement, any action "arising out of the subject matter . . . or the interpretation" of the Agreement must be litigated in Suffolk County, New York.

---

[12]*Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996) (internal quotations and citations omitted).

[13]*Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 592 (1991).

[14]Doc. 4-1 at pp. 30-31.

[15]Doc. 4-1 at p. 2.

Plaintiffs argue that their complaint does not involve the Agreement because they are not seeking to determine any rights under the Agreement nor are they suing for damages for breach of the Agreement.  Instead, they argue that they are seeking to have the court address the validity of the Note and Guaranties, as well as determine whether RMP breached the Intercreditor Agreement.  Plaintiffs fail to recognize that the Note, the Guaranties, and the Intercreditor Agreement all "aris[e] out of the subject matter" of the Agreement "or the interpretation, performance or breach of [the Agreement]."  Thus, the forum selection clause of the Agreement is broad enough to cover the allegations asserted here, and the action must be litigated in Suffolk County, New York.

Moreover, Plaintiffs misrepresent the underlying basis of their complaint. Counts I, III, and IV all *explicitly* involve the Agreement.  In Count I, Plaintiffs assert that Defendant "failed to fulfill its obligations under the Agreement" and that Defendant falsely represented Spectra's obligations under the Agreement.[16]  Thus, it is clear that resolution of Claim I will involve the "interpretation, performance, or breach" of the Agreement.  Count III alleges that Defendant provided Spectra with false information about the amount Spectra owed under the Agreement, and thus resolution of the claim will involve an interpretation of the Agreement.[17]  Count IV asserts that "Defendant materially breached the Agreement."[18]  Even though the ultimate relief Plaintiffs seek is damages based on the amount paid under the Note, as well as an invalidation of the Note and the Melillo's obligations under the Guaranties, the Agreement is the underlying document at issue.  Thus, the forum selection clause in the Agreement is applicable.

---

[16] Doc. 1-1 at ¶¶ 8, 10-15.

[17] Doc. 1-1 at ¶ 22

[18] Doc. 1-1 at ¶ 28.

While Count II does not specifically mention the Agreement, the Agreement's forum selection clause nonetheless applies. Count II simply alleges that the Note and Guaranties are void and asks that the court declare them as such; by reference, however, the basis for the request is RMP's alleged misrepresentations about the requirements of the Agreement. Furthermore, the Note and Guaranties are closely connected to and arise out of the Agreement. The Note specifically references and incorporates the Agreement, and the purpose of the Note was to provide for the advancement of certain funds in connection to the Agreement.[19] The Guaranties were signed the same day the parties executed the Agreement, and the purpose of the Guaranties was to provide RMP with security for Spectra's obligations under the Agreement.[20] Thus, both the Note and the Guaranty necessarily arise out of the Agreement and involve the interpretation, performance, and breach of the Agreement, meaning that by the terms of the Agreement, Count II should be litigated in Suffolk County, New York.

Litigating Count II in Suffolk County is not contrary to the terms of the Note and the Guaranties. Indeed, the Note provides that in the event of default, RMP "shall have the rights and remedies set forth in the [Agreement]."[21] One of RMP's rights in the Agreement is the right to elect to have litigation take place in Suffolk County. Under the terms of the Guaranties, the Melillo's agreed to the jurisdiction of New York state courts in the counties of either Suffolk or Nassau and the Federal District Court for the Eastern District of New York.[22]

Count V, which alleges that RMP breached its obligations under the Intercreditor Agreement, is arguably not dependant upon the Agreement. The Intercreditor

---

[19] Doc. 4-1 at p. 67, 69, 70.

[20] Doc. 4-1 at p. 49.

[21] Doc. 4-1 at p. 70.

[22] Doc. 4-1 at p. 56.

Agreement provides for venue in California.  As noted by RMP in its briefing, neither party asserts that Count V should be litigated separately in California or that California would be an appropriate venue.  Furthermore, the court concludes that Count V is sufficiently related to the Agreement and should be litigated with the other counts in Plaintiffs' complaint.

As noted above, the court must enforce the forum selection clause absent a showing of unreasonableness.  Plaintiffs have not met their "heavy burden" to demonstrate why Suffolk County, New York, should not be the venue for this action. The court does not have the power to transfer an action under 28 U.S.C. § 1404 to a state court.[23]  Thus, dismissal is warranted.

RMP requests that the court award it attorneys' fees and costs related to the filing of this motion based on the Agreement and A.R.S. § 12-341.01(A). The Agreement clearly states that until full payment of all obligations and termination of the Agreement, Spectra is obligated to pay any attorneys' fees and costs associated with a dispute between the parties related to the Agreement.[24]  Furthermore, A.R.S. § 12-341.01 provides that "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees."  A "successful party" includes a party who obtains a dismissal on grounds other than the merits or dismissal without prejudice.[25]  Spectra did not provide an argument in response to RMP's request for attorneys' fees and cost.

The court concludes that attorneys' fees associated with this motion are warranted given the clear terms of the Agreement whereby Spectra agreed to pay for

---

[23]*Pope v. Atl. Coast Line R. Co.*, 345 U.S. 378, 384 (1953) (noting that § 1404 "speaks to federal courts" only); *Jones v. Weibrecht*, 901 F.2d 17, 19 (2d Cir. 1990) (holding that transfer under § 1404(a) is inappropriate where a party seeks dismissal or remand to state court).

[24]Doc. 4-1 at pp. 22-23 (¶¶ 9.3.1.4 – 9.3.1.7).

[25]*Mark Lighting Fixture Co., Inc. v. Gen. Elec. Supply Co.,* 745 P.2d 123, 128 (Ariz. Ct. App.1986), *vacated on other grounds,* 745 P.2d 85 (Ariz.1987).

fees and costs associated with a dispute between the parties regarding the Agreement, as well as the fact that the agreements at issue clearly indicate that RMP has the right to insist that all litigation relating to the Agreement, Note, and Guaranties be conducted in New York and the fact that Spectra agreed not to contest any election by RMP to have the litigation conducted in New York.

## V.  CONCLUSION

Based on the preceding discussion, Defendant's motion to dismiss at docket 4 is **GRANTED**; Plaintiffs' complaint is dismissed without prejudice to refile in the appropriate New York state court.  Defendant's request for an award of attorneys' fees and expenses incurred in connection with this motion is **GRANTED**.  Defendant is directed to file an application for fees to the court within fourteen (14) days from the filing of this order.  Plaintiffs may challenge the amount requested in a timely response, but may not contend that Defendant is not entitled to any fees.

DATED this 2nd day of April 2014.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE