UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| SPECTRA FINANCIAL SERVICES LLC, an Arizona limited liability company; ROBERT MELILLO; and NICHOLE MELILLO<br><br>      Plaintiffs,<br><br>    vs.<br><br>RMP CAPITAL CORP., an Illinois corporation,<br><br>      Defendant. | 2:13-cv-02181 JWS<br><br>ORDER AND OPINION<br><br>[Re: Motion at Docket 12] |

### I.  MOTION PRESENTED

At docket 12, Defendant RMP Capital Corp. ("Defendant" or "RMP") moves for attorney's fees.  Plaintiffs Spectra Financial Services, LLC, Robert Melillo, and Nichole Melillo (collectively "Plaintiffs") respond at docket 13.  Defendant replies at docket 14.  Oral argument was not requested and would not assist the court.

### II.  BACKGROUND

The court has previously set out the background from which this litigation arises.  Readers not familiar with the lawsuit may wish to read the order at docket 11.  Of particular significance for present purposes is the fact that the court granted RMP's motion to dismiss and in its order also granted RMP's request for an award of attorney's

fees, leaving only the quantum of the award for further consideration. That is the subject of Defendant's pending motion.

### III.  DISCUSSION

In the earlier order the court granted RMP's request for an award of attorney's fees and expenses incurred in connection with the motion to dismiss. The earlier order also set out a schedule for determination of the amount of the award to be made: "Defendant is directed to file an application for fees to the court within fourteen (14) days from the filing of this order. Plaintiffs may challenge the amount requested in a timely response, but may not contend that Defendant is not entitled to any fees."[1] The order said nothing about the local rules which apply to requests for attorney's fees. The court assumed the parties would comply with the local rules, except as altered by the order itself, viz., the briefing would be restricted to argument over the quantum, and it would be filed in compliance with the schedule in the order.

RMP's lawyers did not understand the limited effect of the order on the local rule. Rather, they treated the order as license to ignore all aspects of the rule. Plaintiffs point out that the pending motion does not comply with LRCiv. 54.2(d)(1) which requires that a motion for attorney fees be supported by a certificate that counsel have conferred in an attempt to resolve the matter without court intervention. Plaintiffs also point out that the motion was not supported with a copy of the fee agreement between defense counsel and defendant as required by LRCiv. 54.2(d)(2). RMP argues that LRCiv. 54.2(a) states that the procedures established in LRCiv. 54.2 do not apply when "the court has established other procedures for determining [attorney] fees." However, as previously noted, the order did not supplant Rule 54.2, except with respect to the scope of the dispute and the briefing schedule.

RMP has belatedly cured its failure to comply with subsections (d)(1) and (d)(2) by attaching the necessary materials to its reply memo. While hardly a desirable

---

[1] Doc. 11 at p. 9.

1  practice, the court concludes that in this case the late cure is sufficient.  The motion will
2  not be denied for failure to initially comply with subsections (d)(1) and (d)(2).
3        Plaintiffs also argues that RMP has failed to comply with LRCiv. 54.2(e).  That
4  the objection flows from subsection (e)(1)((B), which requires time to be itemized so that
5  it is given for "each individual unrelated task performed on such day."  Plaintiffs refer to
6  the failure to comply with that provision as "block billing."
7        Plaintiffs objects to the time entries on 10/18/13.  There are three of them.  In the
8  court's view each describes activities which are sufficiently related so as not to require
9  independent entries.  Plaintiffs also point to two of the four time entries on 10/24/13.
10 Upon examination the court does not find the entries inadequate under the local rule.
11 The objectionable entry on 10/25/13 also addresses sufficiently related tasks.
12 Moreover, the time for the entry is only four tenths of an hour.  To expect four separate
13 one tenth of an hour entries would not materially assist in evaluating the
14 reasonableness of the time spent on the work described.  Plaintiffs also point to an
15 entry of two tenths of an hour on 10/26/13.  The court finds the tasks which filled that
16 short span of time to be sufficiently related.  Plaintiffs' objection that attorney Cohen's
17 entry for one tenth of an hour on 10/29/13 should somehow be further parsed is, bluntly
18 put, absurd.  The objection to Cohen's entry on 10/31/13 fails, because the tasks
19 described are related.  Similarly, Cohen's entry on 11/1/13, an entry on 12/6/13, and
20 one on 1/10/14 are satisfactory, because they cover related tasks.  Cohen's entry on
21 11/13/13 is a bit cryptic, but at least two of the three tasks described are related tasks,
22 and the total entry is only four tenths of an hour.
23       There is just one time entry to which Plaintiffs object that runs afoul of the local
24 rule.  Attorney Sandweiss' entry on 11/1/13 of 1.3 hours lumps together unrelated tasks.
25 As a remedy, the court will reduce the award for that entry by half, which will require a
26 deduction of $195 from the final award.
27       Plaintiffs also complain that the time devoted by defense counsel to issues
28 surrounding the removal of the case from state court is excessive.  The total value of

time spent by RMP's lawyers on removal issues was $995.00. For the reasons advanced in RMP's reply, the court agrees that this charge is not excessive.[2] The objection to those fees lacks merit.

Plaintiffs also object to the time spent on the Southwest funding issue, as unrelated to the lawsuit against them. The court finds Defendants' explanation of the relationship between Southwest Funding and Plaintiffs and the need to look into that relationship persuasive.[3] No reduction will be made.

Defendant asks for an award of $12,697.50 in attorney's fees. However, the breakdown by billing attorney only adds up to $12,630.[4] Pursuant to the discussion above, from that sum, the court deducts $195 which yields an award of $12,435.

RMP also asks the court to award "the sum of $2610 for attorney fees in drafting [its reply memo] and otherwise responding to the issues raised by Plaintiff's Objections."[5] Significantly, most of the expense involved in preparing the reply memorandum and supporting materials is the result of RMP's failure to comply with LRCiv. 54.2 in the first instance. Much of the reply memorandum is devoted to dealing with that oversight. While some of Plaintiff's objections to particular time entries clearly lacked merit, not all of them did. Under these circumstances, the court declines to award RMP any attorney's fees for the cost of preparing the reply memorandum.

---

[2] Doc. 14 at pp. 6-7.

[3] *Id.* at p. 7.

[4] *See* Declaration of Roger L. Cohen, doc. 12-1 at ¶6.

[5] Doc. 14 at p. 8.

### IV.  CONCLUSION

For the reasons above, the motion at docket 12 is **GRANTED** as follows: Plaintiffs shall pay defendant the sum of $12,435.

DATED this 16th day of May 2014.

/S/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE